IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEFENSE SUPPLY ASSOCIATES, INC.,

                             Plaintiff,

    v.

DEFENSE MANUFACTURING & SUPPLY LLC,

                             Defendant.

ORDER

10-cv-457-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Defense Manufacturing & Supply LLC has responded to this court's September 24, 2010 order directing it to file an amended notice of removal to correct deficient allegations regarding diversity jurisdiction under 28 U.S.C. § 1332. The problem was that defendant failed to identify its state citizenship. It alleged only that it "is a limited liability company with its principal place of business located in Washington, D.C." However, the citizenship of a limited liability company is not determined by its principal place of business, but by the citizenship of each of its members. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998).

      In its response, defendant has come closer to showing the existence of diversity jurisdiction, but it is not there yet. First, defendant repeats the error in its original notice by saying that it "is deemed to be a citizen of the District of Columbia, pursuant to 28

U.S.C. § 1332(c)(1)." Dkt. #13, at 2. Section 1332(c)(1) addresses the citizenship of corporations, not limited liability companies.

Defendant provides some of the needed information by alleging that it "is comprised of three individual members. Two of the individual members of [defendant] are citizens of the State of Virginia. The third individual member of [defendant] is a citizen of the State of Maryland." Dkt. #13, at 2. The problem is that defendant does not disclose the identity of its members or even whether the members are individuals or business entities. That is important because citizenship is determined differently for individuals, corporations and unincorporated businesses.

District courts have an independent obligation to determine the existence of subject matter jurisdiction. Buchel-Ruegsegger v. Buchel, 576 F.3d 451, 453 (7th Cir. 2009). Particularly because defendant still seems to misunderstand how to determine the citizenship of a limited liability company, I cannot simply take defendant's word for it that unidentified members are citizens of particular states.

Accordingly, I will give defendant another opportunity to provide information to the court showing that diversity of citizenship exists. In particular, defendant must identify who its members are. If any of its members are individuals, it must identify where those members are domiciled. Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008)  If any members are corporations, it must identify the corporation's state of incorporation and its principal place of business. Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard,

P.C., 385 F.3d 737, 740-43 (7th Cir. 2004) If any members are unincorporated associations, it must identify the citizenship of *those* members. Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007). If defendant has not disclosed the identity of the members because it wishes to keep their names private, it is free to file a motion to seal the amended notice, but only if it can meet the strict standard for doing so. United States v. Foster, 564 F.3d 852, 853 (7th Cir. 2009) ("Information that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure.")

ORDER

IT IS ORDERED that defendant Defense Manufacturing & Supply LLC may have until to October 11, 2010 to file an amended notice of removal that shows that jurisdiction exists under 28 U.S.C. § 1332, as described in this order. If defendant does not respond by that date, the case will be dismissed for lack of subject matter jurisdiction.

Entered this 4th day of October, 2010.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge